IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| TANISHA S. COATS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-06154-SRB |
| | ) | |
| TYSON FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Tanisha S. Coats's ("Plaintiff") Motion for Leave to Amend. (Doc. #8.) For the reasons stated below, the motion is GRANTED. Accordingly, this case is hereby remanded to the Circuit Court of Buchanan County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Buchanan County, Missouri, as required by 28 U.S.C. § 1774(c).

### I. BACKGROUND

This case arises out of an employment dispute between Plaintiff and Defendant Tyson Foods, Inc. ("Tyson").[1] Plaintiff began working for Tyson at its Saint Joseph, Missouri plant ("the plant") as a forklift operator in November 2019.

On July 20, 2020, an incident occurred that Plaintiff alleges caused her to be fired. Plaintiff alleges that her department was understaffed that day, which irritated Plaintiff's other two co-workers, Dave and Martza.[2] Later that day, Dave, Martza, and Materials Supervisor Kevin Hankins ("Kevin"), allegedly informed Plaintiff that she would be wrapping pallets that

---

[1] The relevant facts are taken from Plaintiff's Petition. (Doc. #1-1.)
[2] The parties do not identify Martza's last name.

day. Plaintiff inquired as to "why they told her to wrap pallets all day by herself," to which "Martza responded by calling Plaintiff a 'lazy ass bitch.'" (Doc. #1-1, p. 8.) Plaintiff felt threatened in a small office with three males. Dave, Martza, and Kevin gave statements to Production Supervisor Tim Ledford ("Tim") regarding the incident. Tim suspended Plaintiff "until they decided what to do 'for violation of work rule group Plaintiff provoking or instigating a fight on Company premises.'" (Doc. #1-1, p. 9.) Plaintiff was the only one involved that was suspended.

On July 23, 2020, Tim terminated Plaintiff from her employment with Tyson. When Plaintiff filed a grievance with her union, she learned that Tyson stated she was "written up and terminated for 'provoking or instigating a fight by yelling and chest bumping another Team Member in an aggressive and provoking manner.'" (Doc. #1-1, p. 10.) In September 2020, Tyson invited Plaintiff to return to work at the plant; and Plaintiff returned November 1, 2020, where she was employed in her original position as a forklift operator. Plaintiff was later terminated on February 19, 2021, for taking long lunch breaks.

On October 6, 2021, Plaintiff filed a lawsuit in the Circuit Court of Buchanan County, Missouri against Tyson alleging (1) a violation of the Missouri Human Rights Act ("MHRA"), Rev. Stat. Mo. § 213.055 for disparate treatment based on gender; (2) a violation of the MHRA for harassment based on gender; (3) a violation of the MHRA for a hostile work environment based on gender; (4) a violation of the MHRA for failure to accommodate Plaintiff's disability; (5) a violation of the MHRA for disparate treatment based on disability; and (6) a violation of the MHRA for retaliation. Tyson removed the case to this Court on November 15, 2021. Plaintiff now moves under Federal Rule of Civil Procedure 15(a)(2) to amend her complaint to add (1) claims for assault, defamation, invasion of privacy and/or false light and (2) add John Doe 1,

John Doe 2, and John Doe 3 ("the Proposed Defendants") as Defendants. Tyson opposes the motion. The parties' arguments are addressed below.

## II. LEGAL STANDARD

"A party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). An amendment is improper upon a showing of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Foman v. Davis*, 381 U.S. 178, 182 (1962).

## III. DISCUSSION

Plaintiff seeks leave to amend her complaint to add the Proposed Defendants as well as claims for assault, defamation, invasion of privacy and/or false light. Plaintiff argues that the Proposed Defendants are indispensable to the resolution of her claims. Plaintiff acknowledges that, as Missouri residents, joinder of the Proposed Defendants would destroy diversity jurisdiction and requests that the Court remand this case. Tyson opposes the motion, arguing that the Proposed Defendants are not indispensable and that such an amendment would be futile. The parties' arguments are addressed below.

### a. Whether the Proposed Defendants are Indispensable

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the

3

action to the State court." 28. U.S.C. § 1447(e).  Because joinder of the Proposed Defendants would destroy diversity, "the Court must consider the *Hensgens* factors to assess whether leave to join" should be granted.  *Rowland v. Edlund Co., Inc.*, No. 4:20-CV-00400-BCW, 2020 WL 8455123, at *2 (W.D. Mo. Oct. 23, 2020).  The *Hensgens* factors are: "1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for the amendment, and 3) whether [the] plaintiff will be significantly injured if the amendment is not allowed."  *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (citing *Hensgens*, 833 F.2d at 1182).

First, the Court must determine whether joinder of the Proposed Defendants is for the purpose of defeating federal jurisdiction.  Upon review, the Court finds that Plaintiff does not seek to join the Proposed Defendants to defeat diversity.  The proposed amended complaint alleges an assault claim arising form the July 20, 2020 incident.  Additionally, the proposed amended complaint alleges defamation and invasion of privacy and/or false light claims arising from the Proposed Defendants "[lying] about [P]laintiff, accusing her of being a 'lazy ass bitch,' provoking or instigating a fight on Company premises, and/or taking long lunch breaks." (Doc. #8, p. 3.)  "These circumstances suggest [Plaintiff's] joinder . . . is not intended to defeat diversity, but rather for [Plaintiff] to litigate each claim related to the alleged injury in the lawsuit."  *Rowland*, 2020 WL 8455123, at *2.

Second, the Court must consider whether Plaintiff improperly delayed seeking addition of the nondiverse party.  Plaintiff's action had only been pending in state court forty days before Defendants removed it to this Court.  Plaintiff sought leave to amend her complaint to add the Proposed Defendants thirty days after receiving notice of removal.  In turn, the Court finds no dilatory conduct here.  *Rowland*, 2020 WL 8455123, at *2.

4

Third, the Court must determine whether Plaintiff will be injured if she is not allowed to join the nondiverse defendant. If the Court were to deny joinder of the Proposed Defendants, to fully litigate her claims Plaintiff would need to litigate her claims against Tyson in federal court and her claims against the Proposed Defendants in state court. "[Plaintiff's] interests alight with the interests of judicial economy under the circumstances, and [Plaintiff's] claims are best litigated in a single suit." *Rowland*, 2020 WL 8455123, at *2. Accordingly, the Court finds that the *Hensgens* factors support allowing Plaintiff to amend the complaint.

### b. Whether the Amendment Would be Futile

Tyson argues that an amendment adding Plaintiff's claims for defamation and invasion of privacy and/or false light would be futile because they are preempted by the MHRA. The MHRA is "the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." Mo. Rev. Stat. § 213.070.2. "In other words, in Missouri, damages arising from the employment relationship cannot be redressed except through the specified statutes." *Huskey v. Petsmart, Inc.*, No. 18-CV-00813-NKL, 2019 WL 122873, at *2 (W.D. Mo. Jan. 7, 2019). "[W]hether the exclusive-remedy provision applies turns . . . on whether [Plaintiff's] alleged 'injury or damages' arise from an 'employment relationship.'" *Huskey*, 2019 WL 122873, at *2 (quoting Mo. Rev. Stat. § 213.070.2). However, the MHRA applies to "unlawful discriminatory practices[s] [of] an employer, employment agency, labor organization, or a place of public accommodation[.]" Mo. Rev. Stat. § 213.070.1. While the parties agree that the MHRA is the exclude remedy for claims against Tyson, the MHRA does not bar Plaintiff from bringing common law claims against the Proposed Defendants because they do not fall within the scope of MHRA's exclusivity provision. Rev. Stat. Mo. § 213.010(8)(c) ("Employer shall not include . . . [a]n individual employed by an employer").

5

Because all three *Hensgens* factors weigh in favor of joining the Proposed Defendants and the MHRA does not bar Plaintiff from bringing the common law claims against the Proposed Defendants, the Court grants Plaintiff's motion for leave to amend. Accordingly, complete diversity of citizenship does not exist and the Court lacks subject matter jurisdiction over Plaintiff's claims. As such, the case must be remanded to the Circuit Court of Buchanan County, Missouri.

IV. **CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Leave to Amend (Doc. #8) is **GRANTED**. It is hereby **ORDERED** that the Clerk of the Court is directed to take all necessary steps to remand this matter to the Circuit Court of Buchanan County, Missouri.

**IT IS SO ORDERED**.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: January 14, 2022